UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC NORDQUIST,
    Plaintiff,

vs.                              Case No.: 3:20cv5799/MCR/EMT

DAVID MORGAN and
CHIP SIMMONS,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 4).[1] The court is statutorily required to review Plaintiff's complaint (ECF No. 1) to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review of Plaintiff's complaint, it is apparent Plaintiff has failed to state a viable claim under § 1983, the only claim Plaintiff asserts over which this court has original jurisdiction. It likewise is plain Plaintiff cannot cure the deficiency by filing an amended complaint. *See Silva v.*

---

[1] Plaintiff also asserts state law claims in his complaint (*see* ECF No. 1 at 7).

Case No.: 3:20cv5799/MCR/EMT

*Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (internal marks omitted). The undersigned thus recommends that Plaintiff's § 1983 claims be dismissed with prejudice and that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

I. BACKGROUND

Plaintiff names two Defendants in his complaint—David Morgan, Escambia County Sheriff at the time of the alleged events giving rise to Plaintiff's claims, and Chip Simmons, Chief Deputy Escambia County Sheriff at the time of the alleged events giving rise to Plaintiff's claims. Plaintiff claims he was abused by several family members—his father, mother, and grandmother—and that Defendants were aware of the abuse and allowed it to continue. Plaintiff asserts claims for misuse of public position, failure to protect a vulnerable adult, failure to report abuse of a vulnerable adult, "violation of civil right," "violation of civil rights under color of law," "conspiracy against rights," election fraud, corruption, and "Graft" (ECF No. 1 at 6). As relief, Plaintiff seeks appointment of counsel, $800,000.00 in damages

against each Defendant, and a "bench warrant for federal arrest and prosecution" (*id.*).

II. DISCUSSION

    A. Standard of review

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case if satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable

to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

In addition, "a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for [purposes of] section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted).

B.    Plaintiff's claims

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). As set forth above, Plaintiff alleges Defendants failed to protect him from abuse. Although Plaintiff does not identify any constitutional provision or other federal law under which he proceeds, based on the facts alleged—which, notably, do not include any specific conduct of Defendants—the only constitutional provision under which Plaintiff even arguably could proceed is the Fourteenth Amendment's due process clause.

As the Eleventh Circuit explained, however, "[t]he purpose of the Due Process Clause is to protect the people from the state, not to ensure that the state protect the people from each other." *Wooten v. Campbell*, 49 F.3d 696, 700 (11th Cir. 1995) (citing *DeShaney v. Winnebago Cnty., Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). Hence, "the Due Process Clause acts as 'a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.'" *Coggins*

Page 6 of 10

*v. Abbett*, No. 3:08cv262/TMH, 2008 WL 2476759, at *9 (M.D. Ala. June 18, 2008) (quoting *DeShaney*, 489 U.S. at 195). As such, "'[t]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" *Id.* (quoting *DeShaney*, 489 U.S. at 196). In short, "'a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause,'" *Wooten*, 49 F.3d at 700 (quoting *DeShaney*, 489 U.S. at 197), as "[t]here is no requirement that the government protect its citizens against invasion by private actors," *Coggins*, 2008 WL 2476759, at *9 (citing *Wooten*). Because Defendants had no constitutional duty to protect Plaintiff from the alleged abuse, they cannot be held liable for failing to do so. Nor can they be held liable for failing to charge, arrest, prosecute, or otherwise take action against the alleged abusers because a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (internal marks omitted). Plaintiff's § 1983 claims thus fail as a matter of law.

Moreover, to the extent Plaintiff seeks to hold Defendants liable in their supervisory capacities, which appears to be the case considering Plaintiff sets forth no allegations of conduct by either Defendant, such claims fail for an additional

reason—"supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks and citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Indeed, "[t]he mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

In *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), the Eleventh Circuit specified the circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim, as follows:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

Case No. 3:20cv5738/LAC/EMT

*Id.* at 1322 (citing *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Plaintiff makes no such allegations against either Defendant.

Finally, Plaintiff is not entitled to at least some of the relief he seeks—specifically, issuance of a bench warrant for the arrest and prosecution of unspecified individuals. As set forth above, Plaintiff lacks standing to seek such relief.

III. CONCLUSION

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this instance, Plaintiff has wholly failed to allege facts giving rise to a viable § 1983 claim and cannot cure the deficiency by filing an amended complaint. The undersigned thus finds that Plaintiff's § 1983 claims should be dismissed with prejudice. *See, e.g., Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties."). The undersigned further finds that the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, which arise exclusively under state

law, and that such claims should be dismissed without prejudice. *See Kamel v. Kenco/The Oaks at Boca Raton LP*, 321 F. App'x 807, 811 (11th Cir. 2008) ("It is well settled in our circuit that 'if . . . federal claims are dismissed prior to trial, [*United Mine Workers v.] Gibbs* [383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)] strongly encourages or even requires dismissal of the state claims.' *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984).").

Accordingly, it is respectfully **RECOMMENDED**:

1. That the court **DISMISS with prejudice** Plaintiff's § 1983 claims.

2. That the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** such claims **without prejudice.**

3. That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of September 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**